ELIZABETH ATKINSON *v.* AGRIPPA ATKINSON et al.

There is no objection to the cumulation of a demand in separation of property by the wife, with an action to enjoin the seizure of certain property claimed by her as her separate property, and seized under execution by the creditors of her husband.

Where a title is claimed to be valid under the laws of another State, where it was acquired, those laws must be produced in evidence or proved, otherwise the validity of the title will be made to depend upon our own laws.

A donation from one spouse to the other, made during coverture, and without the forms of a donation *inter vivos*, is invalid.

Where a husband sold property to his wife, and the price was money and the labor of the wife's slaves, to which the husband was himself entitled—*Held* ; That such an agreement is not within the protection of Art. 2421 C. C.

If a Sheriff makes a seizure of property after he has been informed that the title is not in the debtor, but in some third person, he is bound *in solido* with the seizing creditor, to indemnify such third person in damages.

APPEAL from the District Court of the Parish of Franklin, *Mayo, J.*
*Morrison & Purvis, M. A. Jones* and *J. S. & J. H. Crawford,* for plaintiff. *Ramage & Murphy,* and *John T. Ludeling,* for defendant and appellant.

MERRICK, C. J.    This suit is brought to enjoin the seizure of certain property claimed by the plaintiff as her separate property, and seized under execution by certain creditors of *Agrippa Atkinson,* her husband.    There is also, cumulated with the suit, an action of separation of property, and a demand for a sum of money against the defendant, *Agrippa Atkinson,* for paraphernal property sold for his benefit.

Plaintiff had judgment on the verdict of a jury, and defendants appeal.

The elaborate arguments and briefs of counsel have brought to our notice many points for discussion, but we do not deem it of importance to pass upon any others than those considered in this opinion.

We see no objection to the form of the action and the cumulation of the demand in separation of property with the injunction.  See *Wrincle* v.  *Wrincle,* 8 N. S. 333.

The negroes which were taken from the State of Alabama to Texas by *Mr. Jeffries,* and wife, belonged to the father, if not to the mother of the plaintiff ; and if the proof does not establish the allegation in the petition, that plaintiff inherited from her mother, it shows that she inherited them from her father.    In either case, the verdict of the jury on this branch of the title can be maintained.

In regard to the slave *Nancy,* the proof shows that the defendant, while being in Texas, took the slave *Peggy* away, and brought back *Nancy ;* that he had no money to bye the slave himself, and that subsequently he placed on record in Texas a written statement admitting the property in *Nancy* to be in his wife.

We cannot, therefore, say that the jury (in the absence of any written act of exchange) erred in concluding that the one slave was given in exchange for the other, and that the acts of *Atkinson* in making the exchange were those of a *negotiorum gestor* for the benefit of the owner of the slave *Peggy.*  This view is in accordance with equity.

The laws of Texas have not been offered in evidence, nor proved by men learned in the law.   The wife's title, under the deed offered in evidence, to the property, the land, &c., sold in Texas to pay the husband's debts, is not, therefore,

established; for the instrument is not valid, considered with reference to our law. If it be considered a donation, it was made during coverture and without the forms of a donation *inter vivos.* If it be considered a sale, the price was money, and the labor of plaintiff's slaves, to which defendant was himself entitled, and thus the agreement was not within the protection of Article 2421 of the Civil Code. See Art. 1784.

The judgment on this branch of the case must be reversed.

And as it respects the damages for seizing plaintiff's property under execution, the proof shows that the slaves, notwithstanding the seizure, are in plaintiff's possession. We think one hundred dollars will cover the damages sustained by the seizure.

Counsel fees cannot be allowed the plaintiff; if for no other reason, because she has not fully sustained her pretensions. The Sheriff was informed of plaintiff's title before the seizure, and is bound with the defendant *in solido.*

It is, therefore, ordered, adjudged and decreed by the court, that so much of the judgment as awards the plaintiff seven hundred and fifty dollars against her said husband, with a mortgage, be reversed, and that there be judgment in favor of defendants, as in case of nonsuit on this part of the demand; and it is further ordered, that the said judgment of the lower court be further amended, by reducing the damages awarded to the plaintiff against *John Stout* and *Duncan Buie,* from four hundred and fifty to one hundred dollars, and that the said judgment appealed from be, in all other respects, affirmed, the plaintiff paying the cost of the appeal.